UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RAFAEL ELLISON,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 46, et al.,<br><br>Defendants. | CASE NO. 2:25-cv-00339-JHC<br><br>ORDER GRANTING LOCAL 46'S MOTION TO DISMISS |

Before the Court is Defendant International Brotherhood of Electrical Workers Local 46's (Local 46) Motion to Dismiss Plaintiff's Complaint. Dkt. # 7. The Court has reviewed the materials filed in support of and in opposition to the motion, the rest of the file, and the governing law. For the reasons below, the Court GRANTS the motion.

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." A motion to dismiss under this rule "tests the legal sufficiency of a claim." *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). In considering such a motion, a court "accept[s] factual allegations in the complaint as true and construe[s] the

ORDER GRANTING LOCAL 46'S MOTION TO DISMISS - 1

pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (internal citation and quotation omitted). But the complaint must contain more than "[t]hreadbare recitals of the elements of a cause of action" and "mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Section 1983.

To state a claim under 42 U.S.C. § 1983, Plaintiff must show Local 46 deprived him of a right afforded under the Constitution and that it acted "under color or state law." *Belgau v. Inslee*, 975 F.3d 940, 946 (9th Cir. 2020) (quoting *Collins v. Womancare*, 878 F.2d 1145, 1147 (9th Cir. 1989)). Because Local 46 is a private actor, the Court asks: "is the challenged conduct that caused the alleged constitutional deprivation 'fairly attributable' to the state?" *Id.* (quoting *Naoko Ohno v. Yuko Yasuma*, 723 F.3d 984, 993 (9th Cir. 2013)). To answer this question, the Ninth Circuit employs a two-prong analysis. *Id.* The first prong evaluates "whether the claimed constitutional deprivation resulted from 'the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible[.]'" *Id.* (quoting *Ohno*, 723 F.3d at 994). If the challenged conduct, "entail[s] functions and obligations in no way dependent on state authority, state action does not exist." *Lindke v. Freed*, 601 U.S. 187, 198–99 (2024). The second prong considers "whether the party charged with the deprivation could be described in all fairness as a state actor." *Belgau*, 975 F.3d at 947 (quoting *Ohno*, 723 F.3d at 994). In different contexts, the Supreme Court has outlined four tests to answer this question: (1) the public function test, (2) the state compulsion test, (3) the nexus test, and (4) the joint action test. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 (1982).

ORDER GRANTING LOCAL 46'S MOTION TO DISMISS - 2

Plaintiff alleges Local 46 has explicitly promoted religious activities and attendance as a condition of career advancement. He also alleges that Local 46 is entangled with the government because they receive federal funding. But under the first prong of the analysis, these allegations do not show Local 46's policies promoting religious activity are imposed by the state. Put differently, Plaintiff does not link the religious activities at the National Training Institute to any state authority. So, as alleged thus far, state action does not exist and the § 1983 claim fails. *See Lindke*, 601 U.S. at 198–99.[1]

*Employment Law.*

The Complaint does not allege that Plaintiff was an employee of Local 46, who asserts that he was never such an employee. Thus, Plaintiff's employment law claims (e.g., under 42 U.S.C. § 2000e-2(a)) fail.

*LMRDA.*

As argued by Local 46, Section 501 of the Labor Management Reporting and Disclosure Act does not authorize lawsuits against unions. 28 U.S.C. § 501. Plaintiff does not appear to respond to this argument. Also, the complaint does not allege that Plaintiff satisfied the prerequisites for filing suit under § 501. Thus, his LMRDA claim against Local 46 fails.

Given the foregoing, the Court GRANTS the motion and DISMISSES the claims against Local 46 without prejudice. The Court grants Plaintiff, who is self-represented, leave to file an amended complaint by Thursday, May 1, 2025.

Dated this 17th day of April, 2025.

John H. Chun
United States District Judge

---

[1] The complaint also appears to fail the second prong of the analysis. But the Court need not reach this question, as the first prong is not met.

ORDER GRANTING LOCAL 46'S MOTION TO DISMISS - 3